UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. |
| v. | ) ) | 21-10245-FDS |
| MELVIN PLAZA RIVERA, | ) ) ) |  |
| Defendant. | ) ) |  |

**MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE PURUSANT TO 18 U.S.C. § 3582**

**SAYLOR, C.J.**

This is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On March 9, 2023, defendant Melvin Plaza Rivera pleaded guilty to an indictment to the extent that it charged him with conspiracy to distribute and to possess with intent to distribute fentanyl in violation of 21 U.S.C. § 846 and distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1). On June 28, 2023, he was sentenced to 92 months of imprisonment as to Counts 1, 2, and 3 to be served concurrently. (ECF No. 292).

Defendant has been sentenced to prison eleven other times and accrued 26 violations of probation or terms of supervised release. PSR ¶¶ 40-73. In addition, he has been the subject of six abuse-prevention orders. PSR ¶ 79.

On May 28, 2024, defendant filed a motion for compassionate release, alleging that his "extensive medical issues, medical indifference, the need to care for a[n] aging parent, and post-conviction rehabilitation" satisfy the extraordinary and compelling circumstances threshold pursuant to U.S.S.G. § 1B1.13(b)(3)(A). (Mem. at 12).

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after exhausting his administrative rights to appeal the failure of the Bureau of Prisons to bring such motion or the lapse of 30 days from submitting a request to the warden of his facility, whichever is earlier, a court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

Here, defendant contends he has exhausted his administrative remedies. (Mem. at 6). On October 13, 2023, he filed a request with the staff of FCI Allenwood for compassionate release. (ECF No. 372, Ex. C). Warden Arviza responded, denying that request, on November 7, 2023. (*Id.*, Ex. D). Defendant has not shown that he appealed that decision through the Administrative Remedy Process. However, even assuming that the requirements of § 3582(c)(1)(A) have been satisfied, this Court will deny the motion on the merits.

In deciding whether to reduce a sentence under § 3582, a court must consider the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, and applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement, U.S. Sentencing Guidelines § 1B1.13, clarifies that "extraordinary and compelling reasons" include medical condition, age, family circumstances, or other reasons as determined by the Bureau of Prisons. *See* U.S.S.G. § 1B1.13; Bureau of Prisons Program Statement 5050.50 (2019). It also states that a court must find that "the defendant is not a danger to the safety of any other person or to the community" in order to grant compassionate release. U.S.S.G. § 1B1.13.

Defendant makes multiple contentions regarding his medical condition. First, he alleges that he was denied access to FCI Allenwood's Residential Drug Abuse Program (RDAP). He

2

contends that this denial of admission to the RDAP, coupled with pain associated with a knee problem, is counterproductive to his rehabilitation. (Mem. at 2).

"Decisions to place a convicted defendant within a particular treatment program or a particular facility are decisions within the sole discretion of the Bureau of Prisons." *United States v. Melendez*, 279 F.3d 16, 18 (1st Cir. 2002) (quoting *Thye v. United States*, 109 F.3d 127, 130 (2d Cir.1997)); *see also United States v. Sobrado*, 2021 WL 2328143, at *3 (D.N.J. 2021) ("[P]articipation in the RDAP is not a right but an opportunity that is denied federal inmates for a variety of reasons nor is success in the program guaranteed."); *United States v. Bulaman*, 2022 WL 3913430, at *5 (D.N.J. 2022); *United States v. Castro*, 2022 WL 4082475, at *5 (W.D. Va. 2022). The BOP determined that defendant was not qualified for RDAP. (ECF No. 372, Ex. F. at 1). However, it appears that he is eligible for other drug treatment and health programs and is on a waiting list. (*Id.*). Under the circumstances, his current programming does not justify compassionate release. *See* U.S.S.G. §§ 1B1.13(b)(5), (b)(1)(C); 18 U.S.C. § 3553(a)(2)(D).

Next, defendant contends that he has been denied medical treatment concerning his knee, which causes him "unspeakable pain." (Mem. at 3). Specifically, he alleges that the medical staff at FCI Allenwood refused to schedule an "MRI and/or surgery until [he] turns 50 years of age." (*Id.*).

While it is true that medical conditions may be an appropriate basis for compassionate release, defendant's medical condition does not rise to the requisite level to warrant his release under U.S.S.G. §§ 1B1.13(b)(1)(B) or (C). According to the Sentencing Guidelines, a medical condition qualifies as an "extraordinary and compelling" reason for release if it is a "serious physical or medical condition," a "serious functional or cognitive impairment," or a "deteriorating physical or mental health [condition] because of the aging process" that is severe enough to "substantially diminish[ ] the ability of the defendant to provide self-care within the

3

environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). In addition, it may be an "extraordinary and compelling" reason if a defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death. U.S.S.G. § 1B1.13(b)(1)(C).

The record here does not demonstrate medical circumstances that rise to the level of "extraordinary and compelling" reasons for release. First, the Court was aware of defendant's physical condition at the time of his sentencing and nonetheless determined that the sentence imposed was warranted. Second, it appears that (contrary to his assertions) he *is* receiving substantial medical care. Records indicate that he has received treatment from medical personnel, including a thorough assessment of his knee. (*See, e.g.*, ECF No. 372, Ex. A at 8, 104). The medical reports support the conclusion that defendant's knee issues are not as severe as he has alleged, and that he has been receiving an appropriate level of medical care and observation. *See* U.S.S.G. §§ 1B1.13(b)(1)(B)(i), (C).

Defendant also contends that his preexisting conditions make him more vulnerable to COVID-19. (Mem. at 3). The record evidence does not support a finding that his medical conditions or prison conditions make him unusually vulnerable to COVID-19 infection, let alone the kind of serious, debilitating impairment that would qualify as an extraordinary and compelling reason for release. Although he is overweight, has high blood pressure, and has asserted that he has asthma and pre-diabetes, he has presented no evidence that he is unable to receive a COVID-19 vaccine. In addition, FCI Allenwood has zero open cases of COVID-19 in a population of 2,670 inmates. *See Inmate COVID-19 Data*, Fed. Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (accessed July 8, 2024). Given the low incidence of COVID-19 at the prison, and the lack of evidence that his medical

4

condition prevents him from receiving the vaccine, there are no "extraordinary and compelling reasons" to release defendant based on his medical condition. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(b)(1)(D).

Defendant further contends that extraordinary and compelling family circumstances necessitate his immediate release: specifically, his desire to be with his father, who has been diagnosed with cancer. He notes that "he is his [e]lderly, ailing father's caregiver . . . [who] has cancer in his eye and is blind, and because of [defendant] having to serve his sentence, his father has been left neglected without anyone to care for him." (Mem. at 10). The Sentencing Guidelines recognize that "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" is an extraordinary and compelling reason. U.S.S.G. § 1B1.13(b)(3)(C).

The record lacks evidence to support that defendant's father is incapacitated. However, even assuming that is true, the record further lacks evidence that defendant is the only available caregiver. The record reveals that he has three brothers, with whom he reports having close relationships. (ECF No. 288 at 6-7). At the very least, without such evidence, the Court cannot find that these other family members are unable to provide or arrange for adequate care. *See United States v. Santiago*, 2024 WL 2923705, at *2 (D.R.I. 2024); *United States v. Idrobo-Victoria*, 2024 WL 2237154, at *3 (D.P.R. 2024); *United States v. Figueroa-Gibson*, 2024 WL 376432, at *6 (D.P.R. 2024). While commendable, a defendant's mere desire to care for a vulnerable family member does not qualify as an extraordinary and compelling family circumstance when the defendant is not the only available caretaker.

Finally, the sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant, also do not favor release. Defendant has repeatedly engaged in numerous thefts and in extensive drug sales

5

and drug use, selling significant quantities of fentanyl and abusing cocaine.  (PSR ¶¶ 41-73). Many of those offenses occurred while he was on court supervision.  (*Id.*).  Moreover, defendant has had six abuse-prevention orders filed against him by more than one individual, spanning from 2000 to 2020 for conduct including threats and physical violence.  (PSR ¶¶ 79-85).  While he contends that his "commitment to better himself in the aftermath of his convicted conduct, suggest that the goals of sentencing have been fulfilled," nothing in the intervening years has diminished the seriousness of his offense or the nature of his criminal history, and nothing in the record suggests that releasing him early from his prison term is appropriate. (Mem. at 12).  Such an outcome would not properly reflect the seriousness of his offense or provide adequate deterrence against criminal conduct.  18 U.S.C. § 3533.

      For the foregoing reasons, defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

**So Ordered.**

Dated:  July 8, 2024

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court